### THE CRIME OF EMBEZZLEMENT.

Common Pleas Court of Hamilton County.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. GEORGE BROEMER, ALSO KNOWN AS GEORGE BROEMER.

Decided, June, 1916.

*Criminal Law—What Constitutes the Crime of Embezzlement—Money Converted to Personal Use With an Honest Intention to Return It.*

One who purposely and knowingly takes the money of his employer is guilty of embezzlement, notwithstanding he may have fully intended to return it; but where through an honest mistake, or an error in book-keeping, or a misunderstanding of his instructions, an error appears against him in his accounts, the element of embezzlement is not present.

*M. G. Heintz,* for plaintiff in error.
*Ed. H. Williams,* contra.

GEOGHEGAN, J.

Error to the municipal court of Cincinnati.

On September 8, 1914, the plaintiff in error commenced an action against the defendant in error to recover the sum of $59.33, which it alleged that the said defendant in error converted to his own use. Subsequently, on October 6, 1914, the plaintiff in

error filed an affidavit for the purpose of securing the arrest of the defendant in error, setting forth that the defendant in error was the agent of the plaintiff in error and that the said defendant in error had criminally incurred the obligation for which the suit was brought. The order of arrest was served and a bond was given to secure the release of the defendant in error. After a protracted hearing, the trial court entered up a judgment finding that there was due the plaintiff in error from the defendant in error the sum of $44.56, for which execution was awarded, and further finding that the plaintiff in error had probable cause for the arrest of the defendant in error, but that the defendant in error did not intend to defraud the plaintiff in error out of the said sum of $44.56, and the court ordered the discharge of the defendant in error from the arrest. To this latter finding, discharging the defendant in error from arrest, an exception was noted by plaintiff in error, and it is for this alleged error that these proceedings are being prosecuted in this court.

I have made a careful examination of the bill of exceptions and the exhibits attached thereto, and I find that the action of the trial court in discharging the defendant in error from arrest is not manifestly against the weight of the evidence. The evidence in the case is of such a nature that the trial court, upon consideration of the same, might have found either way upon the question as to whether or not the debt sued upon was criminally contracted. The defendant in error was employed by the plaintiff in error as an insurance collector and solicitor. A large part of the collections were upon what is known as industrial policies, there being a number of policy holders, and the collections were made weekly, the premiums being all in small sums of money. The defense made at the trial was largely that the defendant in error did not purposely appropriate any money to his own use, but that if there was any balance found due the plaintiff in error from him it was due to mistakes and errors in the manner of keeping his books and on account of the failure to give him proper instructions.

Counsel for the plaintiff in error insists that upon the facts the court should have found that there was an embezzlement and that

therefore the finding of the court, that the defendant in error did not intend to defraud the plaintiff in error out of the sum found to be due, was erroneous, in that the intent to defraud is not an element of the offense of embezzlement.

The latter proposition is perhaps true, but, nevertheless, it is also true that before one can be found guilty of embezzlement it must be shown that he intended the embezzlement. A man, who is an agent of another for the purpose of collecting money, who purposely and knowingly takes the moneys of his employer, is guilty of embezzlement, notwithstanding that he may honestly intend to return the money. In this sense an intent to defraud is not necessary in order to constitute the offense of embezzlement. But where an agent, through an honest mistake, or through an error in keeping his books, or through a misunderstanding of his instructions, fails to account to his employer for all the moneys rightfully due the employer, he can not be said to be guilty of embezzlement, because the offense of embezzlement, like any other offense, must have present in it the criminal intent, and no conviction for embezzlement can be had unless the criminal intent is present.

An examination of the record herein discloses that the latter situation may have readily been determined by the trial court. Inasmuch as he was present during this protracted hearing, heard the evidence and arguments of counsel, his determination of the true nature of the circumstances should not be disturbed unless it is manifestly against the weight of the evidence.

Therefore, the judgment of the municipal court will be affirmed.